E-FILED
Friday, 18 August, 2017  12:48:52 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARTHA L. KILLION | ) | |
| | ) | **Case No.** |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| TOM SKEETERS,  d/b/a | ) | |
| TOM'S 24 HOUR TOWING SERVICE | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| DONNA BLOODWORTH, individuals, | ) | |
| | ) | **Equitable Relief Requested** |
| **Defendants.** | ) | |

### COMPLAINT AND JURY DEMAND

**NATURE OF CLAIM**

1.  This is an action consisting of wage claims under section 16(b) of the Fair Labor Standards Act ("FLSA") 29 U.S.C. section 201 et. seq., the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 et. seq., and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et. seq.,

**THE PARTIES**

2.  Plaintiff is an adult female residing in Sangamon County, Illinois, and at all times relevant to this Complaint, was employed by Defendant Tom Skeeters, d/b/a "Tom's 24 Hour Towing Service."

3.  Plaintiff, at all times relevant to this complaint, was an "employee" within the meaning of Section 2(e)(1) of the FLSA, 29 U.S.C. section 202(e)(1), and Section 3(d) of the IMWL, 820 ILCS 105/3(d) and Section 2 of the IWPCA, 820 ILCS 115/2.

4.  Defendant Tom Skeeters owned and operated a towing service at all times relevant to this complaint with business address 420 South Dirksen Parkway, Springfield, Illinois 62703.

5.  Defendant Tom Skeeters d/b/a Tom's 24 Hour Towing Service is and, at all times relevant to this complaint, was an "employer" within the definitions of section 3(a) and 3(d) of the FLSA, 29 U.S.C. section 203(a) and (d), section 3(c) of the IMWL, 820 ILCS 105/3(c) and sections 2 and 13 of the IWPCA, 820 ILCS 115/2 and 115/13.

6.  Defendant Tom's 24 Hour Towing Service is and, at all times relevant to this complaint, was an enterprise engaged in commerce or in the production of goods for commerce as defined in section 3(r) and 3(s) of the FLSA, 29 U.S.C. section 203 (r) and 203 (s), and had annual gross revenues in excess of $500,000.

7.  Individual defendants are owners and management officials being held liable as acting in the interest of Tom's 24 Hour Towing Service within the meaning of section 203(d) of the FLSA, 29 U.S.C. section 203(d), and section 3(c) of the IMWL, 820 ICLS 105/3(c), and sections 2 and 13 of the IWPCA, 820 ILCS 115/2 and 115/13.

**JURISDICTION AND VENUE**

8.  The jurisdiction of this Court is conferred by 28 U.S.C. sections 1331 and 1337. This Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. section 1367.  Venue is properly laid in this judicial district pursuant to the FLSA and 29 U.S.C. section 1391.

**FACTUAL ALLEGATIONS**

9.  Plaintiff began employment by Tom's 24 Hour Towing Service on or about June, 2014, until on or about July 24, 2017.

10.  Defendant Donna Bloodworth was Plaintiff's immediate supervisor who also performed payroll functions for Tom's 24 Hour Towing Service.

11.  Plaintiff's duties involved responding to customer requests, coordinating towing service, and arranging for release of towed vehicles in accordance with procedures approved by Defendants.

12.  Plaintiff worked every Tuesday and Thursday from 4:30 p.m. to 8:00 a.m. the next morning and every other weekend from 4:30 p.m. on Friday until Monday morning at 8:00 a.m.

13.  Plaintiff was paid $25 for each week day worked and $125 for each weekend worked.

14.  The Defendants willfully failed to compensate Plaintiff at the minimum hourly wage set by law and one and one half times the minimum wage for those hours she worked in excess of forty hours per work week.

### COUNT I
### Violation of the Fair Labor Standards Act

15.  Plaintiff realleges and incorporates paragraphs 1 through 14 of this complaint.

16.  This count is brought under the FLSA and arises from Tom's 24 Hour Towing Service's willful violation of the Fair Labor Standards Act, 29 U.S.C. section 201, et. seq., for its failure to pay minimum wages and overtime to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.  Judgment in the amount of the owed wages and owed overtime wages;

B.  Liquidated damages in an amount equal to the amount of unpaid wages and overtime wages;

C.  Reasonable attorneys' fees and costs incurred in prosecuting this action; and

D.  Such other and further relief as this Court deems just and proper.

Jury trial demanded.

## COUNT II
### Violation of the Illinois Minimum Wage Law

17.  Plaintiff realleges and incorporates paragraphs 1 through 14 of this complaint.

18.  Defendants knew or showed reckless disregard for the fact that their failure to pay

minimum wages and overtime to Plaintiff was in violation of section 4a(1) of the IMWL,

820 ILCS 105/4(a)(1).

19.  By the facts alleged, Defendants violated the IMWL.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.  Judgment in the amount of all back wages and overtime wages due as provided by the

IMWL;

B.  Prejudgment interest in accordance with 815 ILCS 205/2 and punitive damages

pursuant to the formula set forth in 820 ILCS 105/12(a);

C.  Reasonable attorneys' fees and costs of this action;

D.  Injunctive relief precluding Defendants from violating the IMWL; and

E.  Such other and further relief as this Court deems just and proper.

Jury trial demanded.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act

20.  Plaintiff realleges and incorporates paragraphs 1 through 14 of this complaint.

21.  Defendants intentionally instituted practices that resulted in Plaintiff

4

working certain time without wages, in violation of the IWPCA.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.   Judgment in the amount of all back wages and monetary compensation due as

provided by the Illinois Wage Payment and Collection Act;

B.  Prejudgment interest on the back wages and monetary compensation due in

accordance with 815 ILCS 205/2 and damages pursuant to the formula set forth

in 820 ILCS 105/12(a);

C.  Judgment in accordance with 820 ILCS 115/14(a) in the amount of two percent of the

amount of all underpayments for each month following the date of payment during which

each underpayment remains unpaid;

D.  Reasonable attorneys' fees and costs of this action;

E.  Injunctive relief precluding Defendants from violating the IWPCA; and

F.  Such other and further relief as this Court deems just and proper.

Jury trial demanded.

                                                     Respectfully submitted,

                                                     **MARTHA L. KILLION**

                                                   s/  James A. Devine
                                                   Attorney for Plaintiff

James A. Devine
Attorney at Law
607 East Adams, Suite 1510
Springfield, Illinois 62701
voice (217) 788-0798
facsimile (217) 788-1660
email:  jamesalbertdevine@gmail.com
ARDC No. 0625140