IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARTHA L. KILLION, | ) |
| Plaintiff, | ) |
| v. | ) No.  17-cv-3178 |
| TOM SKETERS, DBA TOMS 24 HOUR TOWING SERVICE, AND DONNA BLOODWORTH, | ) |
| Defendants. | ) |

# **OPINION**

SUE E. MYERSCOUGH, U.S. District Judge.

This cause is before the Court on Defendant Donna Bloodworth's Motion to Dismiss (d/e 10).  Also before the Court is Plaintiff Martha L. Killion's Motion for Costs of Service and Attorney's Fees (d/e 14).  Defendant Bloodworth's Motion is GRANTED, and the claims against Defendant Donna Bloodworth are DISMISSED without prejudice and with leave to amend.  Plaintiff's Motion is GRANTED.

## **I. BACKGROUND**

This action arises from claims of minimum wage violations under the Fair Labor Standards Act ("FLSA"), Illinois Minimum

Wage Law ("Minimum Wage Law"), and the Illinois Wage Payment and Collection Act ("Wage Act"). Accepting the allegations of the Complaint as true for the purposes of resolving this motion, Plaintiff worked for Defendant Tom Skeeters, d/b/a Tom's 24 Hour Towing Service from roughly June 2014 to July 24, 2017. Compl. ¶ 9 (d/e 1). "Plaintiff worked Tuesday and Thursday from 4:30 p.m. to 8:00 a.m. the next morning and every other weekend from 4:30 p.m. on Friday until Monday morning at 8:00 a.m." Id. at ¶ 12. Her duties "involved responding to customer requests, coordinating towing service, and arranging for release of towed vehicles in accordance with procedures approved by Defendants." Id. at ¶ 11. Plaintiff was paid $25 for her weekday shifts and $125 for her weekend shifts. Id. at ¶ 13. Defendant Donna Bloodworth ("Bloodworth"), was Plaintiff's immediate supervisor and performed payroll functions for Tom's 24 Hour Towing Service. Id. at ¶ 10. Plaintiff claims that both Defendants are her employers and that they are owners and management officials.

Plaintiff filed her Complaint on August 18, 2017. Defendant Bloodworth has moved to dismiss under Fed.R.Civ. P. 12(b)(6), arguing that Plaintiff has failed to allege that Defendant Bloodworth

is an "employer" under the applicable law.  See Motion to Dismiss (d/e 10).  Plaintiff opposes the motion arguing that she had pleaded sufficient facts and that it is premature to dismiss Defendant Bloodworth prior to conducting discovery.  See Response (d/e 11).  Defendant Bloodworth moves in the alternative for summary judgment under Fed.R.Civ. P. 12(d), which provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Id.  The Court declines to exercise its discretion under Fed.R.Civ.P. 12(d) and will instead evaluate Defendant's Motion pursuant to 12(b)(6), excluding Defendant's attached affidavit from consideration.

Plaintiff also filed a Motion for Costs of Service and Attorney's Fees (d/e 14) on November 7, 2017.  Defendant has not opposed this motion.

## II. JURISDICTION AND VENUE

This Court has subject matter jurisdiction because Plaintiff brings a claim based on the FLSA, a federal law.  See 28 U.S.C. §

1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Venue is proper because the events giving rise to the claim occurred in Sangamon County, Illinois. See 28 U.S.C. § 1391(b)(2) (a civil action may be brought in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred).

### III. ANALYSIS

**A.    Defendant Bloodworth's Motion to Dismiss is Granted**

A motion under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cnty. of Boone, 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendant fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the

plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. Id.

### 1. Plaintiff Failed to Allege that Defendant Bloodworth is Plaintiff's Employer Under the FLSA

The FLSA defines an employer as, "any person acting directly or indirectly in the interest of an employer in relationship to an employee." 29 U.S.C. § 203(d). The FLSA defines the word "employer" broadly enough "to permit naming another employee rather than the employer as defendant, provided the defendant had supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation." Riordan v. Kempiners, 831 F.2d 690, 694 (7th Cir. 1987). The determination requires a consideration of the totality of the circumstances. Rutherford Food Corp. v. McComb, 331 U.S. 722, 730 (1947).

The Seventh Circuit has not addressed the correct test to use in the FLSA context. Several district courts in this circuit have utilized the economic realities test to determine whether there is an employer-employee relationship. See e.g., Perez v. Super Maid, LLC, 55 F. Supp. 3d 1065, 1075 (N.D. Ill. 2014); Alvarez v. Downtown Food Enters., Inc., No. 10 C 4509, 2010 WL 5158122, at

*2 (N.D.Ill. Dec. 13, 2010).  See also Orozco v. Plackis, 757 F.3d 445, 448 (5th Cir.2014); Herman v. RSR Security Services Ltd., 172 F.3d 132, 139–40 (2d Cir.1999).  This test asks whether the defendant "(1) possessed the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." Perez, 55 F. Supp. 3d at 1075 (citing cases).

However, the Seventh Circuit has rejected a rigid application of the economic realities test in the context of the Family and Medical Leave Act ("FMLA"), which uses the same employer standard as the FLSA. See Moldenhauer v. Tazewell-Pekin Consol. Commc'ns Ctr., 536 F.3d 640, 644 (7th Cir. 2008) ("Although these factors are certainly relevant in deciding whether an employer-employee relationship exists, it would be foolhardy to suggest that these are the only relevant factors, or even the most important.").  Therefore, in the Seventh Circuit, the proper analysis is "to look at all facts surrounding the defendant's supervision of the employee and determine whether the defendant exercised control and authority over the employee in a manner that caused the FLSA violation (at

least in part)." Schneider v. Cornerstone Pints, Inc., 148 F. Supp. 3d 690, 698 (N.D. Ill. 2015), supplemented, No. 13 CV 4887, 2016 WL 278813 (N.D. Ill. Jan. 15, 2016).

Here, taking all well-pleaded factual allegations as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has not pled sufficient facts to allege that Bloodworth is Plaintiff's employer under the FLSA. Plaintiff alleges that "Defendant Donna Bloodworth was Plaintiff's immediate supervisor who also performed payroll functions for Tom's 24 Hour Towing Service" and that "Plaintiff's duties involved responding to customer requests, coordinating towing service, and arranging for release of towed vehicles in accordance with procedures approved by Defendants." Comp. at ¶¶ 10 and 11 (d/e 1). While Plaintiff alleges that Bloodworth was her supervisor, she fails to allege that Bloodworth was responsible for the alleged FLSA violations. Plaintiff alleges Bloodworth was responsible for performing payroll functions and, therefore, the Court can assume that Bloodworth was aware of Plaintiff's rate of pay. However, Plaintiff has failed to allege that Bloodworth had any control over pay or hours that could result in a finding that Bloodworth was responsible, even in part, for the FLSA

violations. See Jang v. Woo Lae Oak, Inc. Chicago, No. 12-CV-00782, 2013 WL 6577027, at *2 (N.D. Ill. Dec. 12, 2013) ("[L]ow-level supervisors, such as those without control over a corporation's payroll, generally are not individually liable under FLSA, [however] a general manager may be personally liable for FLSA violations if he or she acted on behalf of the corporation to cause the violations.") (internal citations removed).

Further, beyond the allegation that Bloodworth was her direct supervisor, Plaintiff does not allege any facts showing that Bloodworth had the power to hire and fire employees, determined the rate and method of payment, or maintained employment records. While Plaintiff alleges that "Defendants willfully failed to compensate Plaintiff," merely alleging "that 'defendants' are responsible for the actions at issue is not sufficient to withstand a motion to dismiss with respect to an individual defendant." Alcazar-Anselmo v. City of Chicago, No. 07 C 5246, 2008 WL 1805380, at *2 (N.D. Ill. Apr. 18, 2008) (dismissing individual defendants under the FMLA's identical employer definition). See also Evans v. Henderson, 2000 WL 1161075, at *3 (N.D.Ill. Aug. 16, 2000) (applying the same analysis under the FMLA to dismiss

claims against individual defendants where the plaintiff did not allege defendants took any specific actions related to the FMLA violation). Accordingly, Plaintiff's FLSA claims as to Defendant Bloodworth are dismissed without prejudice.

> **2. Plaintiff Failed to Allege that Defendant Bloodworth is Plaintiff's Employer Under the Illinois Minimum Wage Law**

Under the Minimum Wage Law, the Court applies the same analysis. No Illinois court of review has addressed the issue of individual employer liability under the Minimum Wage Law. However, "Illinois courts look to [FLSA] regulations and precedents when applying the IMWL." Park v. Dundee Mkt. III, Inc., No. 14-CV-1541, 2014 WL 6617030, at *3 (N.D. Ill. Nov. 20, 2014), citing Lewis v. Giordano's Enters., Inc., 921 N.E.2d 740, 746 (2009) ("federal cases interpreting the FLSA, while not binding on this court, are persuasive authority and can provide guidance in interpreting issues under the [Minimum] Wage Law"). Accordingly, applying the analysis above, Plaintiff's Minimum Wage Law claims against Defendant Bloodworth also are dismissed without prejudice.

> **3. Plaintiff Failed to Allege that Defendant Bloodworth is Plaintiff's Employer Under the Illinois Wage Act**

The Illinois Supreme Court has addressed the issue of individual liability under the Wage Act and held that the analysis is different than under the FLSA. Specifically, the court limited liability to officers or agent who knowingly permitted the violation:

> Liability under the Wage Act can be imposed upon employers, as that term is traditionally understood, and upon any officers of a corporation or agents of an employer who knowingly permitted the Wage Act violation. And because the Wage Act, unlike the FLSA, clearly spells out who may be held liable and under what circumstances, there is no need for application of the "economic realities" test.

Andrews v. Kowa Printing Corp., 838 N.E.2d 894, 901 (2005).

Plaintiff has not pled that Bloodworth was an officer or agent of Tom's 24 Hour Towing Service, but rather a management official. Further Plaintiff has alleged no facts that would support a finding that Bloodworth "knowingly permitted" the Wage Act violation. Under the Wage Act's definition of employer, such a pleading does not allege that Bloodworth is liable as an employer. Therefore, the Wage Act claims are dismissed as to Defendant Bloodworth as well.

In sum, Plaintiff has failed to allege that Defendant Bloodworth was an employer under the FLSA, the Illinois Minimum Wage Law, or the Wage Act. Therefore, Plaintiff fails to state a claim against Defendant Bloodworth and the Court is dismissing all three

counts against Defendant Bloodworth. Plaintiff has not specifically asked for leave to amend her pleadings. However, to the extent Plaintiff is able to plead additional factual allegations that would support a finding that Defendant Bloodworth is an employer under the FLSA, the Illinois Minimum Wage Law, and/or the Wage Act, leave to amend is granted on all three counts.

**B.     Plaintiff's Motion for Costs of Service and Attorney's Fees is Granted**

Plaintiff has moved, pursuant to Fed.R.Civ.P. 4(d)(5), to recover the costs and attorney's fees incurred as a result of Defendants' failure to waive service. See (d/e 14). Defendants have not opposed the Motion.

Pursuant to Fed.R.Civ.P. 4(d), a plaintiff may avoid the costs of personal service by providing the defendant with written notice of the commencement of an action and a request that the defendant waive service of the summons. The notice and request must meet the requirements listed in Fed.R.Civ.P. 4(d)(1), including that it "be in writing," "inform the defendant . . . of the consequences of waiving and not waiving service," "state the date when the request is sent," "give the defendant a reasonable time of at least 30 days

after the request was sent . . . to return the waiver," and "be sent by first-class mail or other reliable means." Id. "If a defendant fails, without good cause, to sign and return a waiver . . . the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those expenses." Fed.R.Civ.P. 4(d)(2).

Plaintiff's Motion included a Declaration from Plaintiff's counsel that all of the requirements of a waiver of service under Fed.R.Civ.P. 4 were met, but Defendants failed to return the waiver. See (d/e 14-1). Defendants have not opposed the motion and have offered no argument that their failure was for "good cause." Plaintiff has submitted evidence that the total cost of service and attorney's fees is $160 for Defendant Skeeters and $185 for Defendant Bloodworth. Defendants have not raised any objections to these fees and the Court finds them to be reasonable. Accordingly, the Court grants Plaintiff's Motion for Costs of Service and Attorney's Fees.

### IV. CONCLUSION

For the reasons stated, the Motion to Dismiss (d/e 10) is GRANTED. Plaintiff's claims against Defendant Donna Bloodworth are DISMISSED without prejudice and with leave to amend. Plaintiff shall file an Amended Complaint, if any, on or before January 25, 2018.

Plaintiff's Motion for Costs of Service and Attorney's Fees (d/e 14) is GRANTED. Defendant Tom Skeeters shall pay to Plaintiff $160 for costs of service and attorney's fees. Defendant Bloodworth shall pay to Plaintiff $185 for costs of service and attorney's fees.

**ENTERED: January 4, 2018**

**FOR THE COURT:**
　　　　　　　　　　　　　　　　<u>*s/ Sue E. Myerscough*</u>
　　　　　　　　　　　　　　　　**SUE E. MYERSCOUGH**
　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**