UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTHA L. KILLION, | ) |
| Plaintiff, | ) |
| v. | ) 17-cv-3178 |
| TOM SKEETERS, DBA TOMS 24 HOUR TOWING SERVICE, AND DONNA BLOODWORTH, | ) |
| Defendants. | ) |

## ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

This cause is before the Court on Defendants' Motion for Reconsideration (d/e 21) and Supplemental Motion for Reconsideration (d/e 28) of the Court's January 4, 2018, order granting costs of service and attorney's fees to Plaintiff. Defendants' Motions (d/e 21, 28) are GRANTED. The Court VACATES its previous order granting costs of service and attorney's fees to Plaintiff (d/e 15, § III.B).[1]

---

[1] All other sections and rulings of the Court's Opinion of January 4, 2018, remain in place.

## I. BACKGROUND

Plaintiff filed the Complaint on August 18, 2017. On August 21, 2017, Plaintiff's attorney mailed requests for waiver of service to each of Defendants in compliance with Federal Rule of Civil Procedure 4. See Pl.'s Motion for Costs of Service and Attorney's Fees, Ex. 1, Decl. of Attorney James Devine ¶ 2 (d/e 14-1). On October 5, 2017, Defendants' attorney at that time, Charles Watson, filed his notice of appearance and a motion for an extension of time to file a responsive pleading to the Complaint. On November 15, 2017, Attorney Watson passed away, notice of which was provided to the Court on January 10, 2018 (d/e 16). Neither of the Defendants, nor their attorney, ever returned a signed waiver to Plaintiff.

On January 4, 2018, the Court entered an order[2] that granted Plaintiff's Motion for Costs of Service and Attorneys' Fees and ordered Defendant Skeeters to pay Plaintiff $160 and Defendant Bloodworth to pay Plaintiff $185. On March 1, 2018, Defendants'

---

[2] The Opinion also granted Defendant Bloodworth's Motion to Dismiss and gave Plaintiff leave to file an Amended Complaint.

current attorney, Raylene DeWitte Grischow, filed her notice of appearance.

On April 23, 2018, Defendants filed a Motion for Reconsideration (d/e 21) of the Court's grant of costs and fees of service. Defendants asserted that they failed to respond to Plaintiff's motion because Attorney Watson had passed away one week after Plaintiff filed the motion. In its text order of May 10, 2018, the Court noted that the Motion for Reconsideration established good cause for Defendants' failure to respond to the motion for costs and fees but proffered no evidence to support good cause for Defendants' failure to return the waivers of service. In response, Defendants filed their Supplemental Motion for Reconsideration (d/e 28). Plaintiff then responded to the Supplemental Motion (d/e 29).

## II. LEGAL STANDARD

Rule 4(d) establishes a procedure for a plaintiff to avoid the costs of personal service by providing the defendant with written notice of the commencement of the action and a request that the defendant waive service of the summons. The notice and request must meet the requirements set forth by the rule, including that it:

(1) be in writing; (2) inform the defendant of the consequences of waiving and not waiving service; (3) state the date that the request was sent; (4) give the defendant a reasonable amount of time and at least 30 days after the request was sent to return the waiver; and (5) be sent by first-class mail or other reliable means.  Fed. R. Civ. P. 4(d)(1).  If the defendant fails to sign and return the waiver "without good cause," the court must impose on the defendant the expenses the plaintiff later incurs in making service and the reasonable expenses, including attorney's fees, of any motion required to collect those expenses.  Fed. R. Civ. P. 4(d)(2).

### III.  ANALYSIS

In their Supplemental Motion, Defendants explain that neither they nor Attorney Grischow know why Attorney Watson did not return the waivers.  Attorney Grischow surmises that Attorney Watson assumed that he did not need to return the waivers because he filed his notice of appearance and a motion for extension of time to respond to the Complaint on October 5, 2017.  Defendants speculate that "Watson did not feel the waivers needed to be filed with the court since he had already entered his appearance."  Supp'l Motion ¶ 3.

That notion is questionable. Plaintiff's attorney mailed the waiver requests on August 21, 2017—a month and a half before Attorney Watson first appeared in the case. See Decl. of Attorney Devine ¶ 2. Such a delay undermines a conclusion that Attorney Watson did not think that he needed to return the August-dated waivers when he did not appear in the case until October.

However, because Attorney Watson had not yet appeared at the time that Plaintiff's attorney mailed the waiver requests, Plaintiff's attorney mailed them to Defendants directly. Defendants did not know that they needed to return the waivers. They believed that because they had retained Attorney Watson, he would handle all matters going forward in the litigation. Supp'l Motion ¶ 7.

Having learned that: (1) Defendants did not respond to the motion for costs and fees because their attorney passed away just one week later; (2) that Defendants received the requests for waiver directly because their attorney did not appear in the case until a month and a half after the Complaint was filed and the waiver requests were mailed; and (3) that Attorney Watson did not inform Defendants of their obligation to sign and return the waivers, the Court finds that Defendants have shown good cause for their failure

to return the waivers. Therefore, reconsideration of the Court's order granting Plaintiff the costs of service and attorney's fees is appropriate.

## IV. CONCLUSION

Defendants' Motion for Reconsideration (d/e 21) and Supplemental Motion for Reconsideration (d/e 28) are GRANTED. The Court VACATES IN PART its January 4, 2018 Opinion (d/e 15). Section III.B and Section IV ¶ 2 of d/e 15 are STRUCK. The Court's orders at pages 12 and 13 of d/e 15, in which the Court granted Plaintiff's Motion for Costs of Service and Attorney's Fees and ordered Defendant Skeeters to pay Plaintiff $160 and Defendant Bloodworth to pay Plaintiff $185, are VACATED. To the extent that either Defendant has paid such funds to Plaintiff, the Defendant is entitled to recover from Plaintiff the amount of those payments. Finally, Plaintiff's request for $100 of attorney's fees for Plaintiff's response to the Supplemental Motion is DENIED.

**ENTERED: June 28, 2018**

**FOR THE COURT:**     **s/ Sue E. Myerscough**
     **SUE E. MYERSCOUGH**
     **UNITED STATES DISTRICT JUDGE**